No. 3098.—HEIRS OF J. B. P. BOURGEOIS v. THEOPHILE THIBODAUX.

| 23 | 19 |
| 52 | 592 |

In a deed to a tract of land appeared the following clause: "The said purchaser reserving to himself the right, after having effected the payment of the first sixth part, to postpone the payment of the last five-sixths from year to year, indefinitely, in consideration of an annual interest of ten per cent. from the maturity of the respective sums or terms, whose payment shall be thus postponed, which interest shall be exigible from year to year. In default of payment promptly, the whole capital to be exigible, as if there had been no stipulation for that delay." Held—That the stipulations in the act or deed, postponing payments on the five-sixths indefinitely, on condition that ten per cent. interest was paid annually and the other conditions did not change the character of the act from that of a sale to that of a contract of rent, and, therefore, the vendor could not maintain an action for rent on the deed, in case the conditions were not promptly complied with.

APPEAL from Third District Court, parish of Lafourche. *Gates*, J. *Taylor & Beattie*, for plaintiffs and appellees. *Bush & Goode*, for defendants and appellants

WYLY, J. In 1839, J. B. P. Bourgeois conveyed to Charles Aubert a tract of land in the parish of Lafourche for $12,000, payable in six installments during the month of March of each of the years 1840, 1841, 1842, 1843, 1844 and 1845, with the following stipulations stated in the deed, to wit: "The said purchaser reserving to himself the right, after having effected payment of the first sixth part, to postpone the payment of the last five-sixths from year to year, indefinitely, in consideration of an annual interest of ten per cent. from the maturity of the respective sums or terms whose payment shall be thus postponed, which interest will be exigible from year to year, and, in default of its prompt payment, the whole of the capital will be exigible, as if there had been no stipulation for that delay. For the security of

which payments and eventual interest, the property hereby sold remains by special privilege affected, bound and mortgaged."

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Before the signature of these presents, it has been agreed that it shall be lawful for the purchaser to pay by anticipation the price of the present sale, notwithstanding the stipulation as to time aforesaid, the said Mr. Aubert having the right to a discount at the rate of ten per cent. per annum for each payment made by anticipation."

The sum of $6000 of the principal of said consideration has been paid, and also all the interest due up to the thirty-first day of March, 1861, leaving still due the sum of $6000, and ten per cent. per annum interest thereon from the month of March, 1861.

The defendant in this suit purchased the property under a judgment against the vendee, Charles Aubert.

The plaintiffs allege that by virtue of the said conveyance to Charles Aubert, a perpetual charge was imposed upon said tract of land for the payment of the said ten per cent. per annum interest, and that said incumbrance follows it into whosever hands the said property may pass. They allege that six years of said ten per cent. interest are due, amounting to the sum of $3600, which they have amicably demanded of the defendant.

The prayer of the petition is, that the defendant be cited to answer, "and, after legal delays and due proceedings had, that said tract of land, its improvements and appurtenances be sold to satisfy said sum of three thousand and six hundred dollars, with recognition of the charge, incumbrance, privilege and mortgage, as aforesaid; and for general relief."

The defendant avers in his answer that at sheriff's sale, in 1866, he became the purchaser of the property; that at said sale the sheriff read a certificate of mortgages, showing the superiority of the mortgage under which the sale was made to him, and also showing that said land was not subject to the charge or incumbrance claimed by the plaintiffs; that the deed declared on by the plaintiffs, was, in truth and in fact, a sale from the father of the plaintiffs to Charles Aubert, as intended and interpreted by the parties; and that the principal demand of the plaintiffs is barred by the prescriptions of one, three, five, ten and twenty years, and the accessory demand, to wit: the mortgage and vendor's privilege have perempted by the lapse of ten years without reinscription and by the extinguishment of the principal obligation, which id prescriptions and peremption the defendant specially pleads.

The court gave judgment in favor of the defendant, and the plaintiffs have appealed.

The question is, what is the character of the instrument declared on; is it a contract of sale or is it a rent charge?

If it be a contract of sale, the defendant is not liable because he was not a party to the act, and if the mortgage has perempted by the failure to reinscribe it within the ten years, the right to the hypothecary action does not exist in favor of plaintiffs against the defendant, as third owner and possessor of the mortgaged property. Indeed, the plaintiffs have not sought in this action to foreclose the mortgage on the property. The demand is simply to have the property subjected to a rent charge, which the plaintiffs claim to exist in their favor by reason of the deed declared on, and to cause it to be sold to pay the sums alleged to be due for rent since thirty-first day of March, 1861.

An examination of the deed satisfied us that it is not a contract of rent; it is simply a sale with a potestative condition, whereby the purchaser acquired the right either to defer the payments, after the installments matured, by paying ten per cent. per annum interest, or to pay by anticipation the price at ten per cent. discount on each of the installments so paid by anticipation. But the purchaser was bound to pay the first installment before he could postpone the others from year to year by paying the ten per cent. interest. And it was specially stipulated in the deed that, "in default of the prompt payment of the interest annually, the whole of the capital will be exigible, as if there had been no stipulation for that delay." The moment, therefore, there was a failure to pay the interest, the whole debt became due—the deed stood as though there had been no stipulation for the delay.

Can an instrument with such features be regarded as a contract of rent? "The contract of rent for lands is a contract by which one of the parties conveys and cedes to the other a tract of land or any other immovable property, and stipulates that the latter shall hold it, as owner, but reserving to the former an annual rent of a certain sum of money or of a certain quantity of fruits which the other party binds himself to pay him." C. C. 2750.

"It is of *the essence* of this contract that it be made *in perpetuity.*" C. C. 2751.

In the instrument before us, we do not see the essential requisites of the contract of rent. The land is ceded and conveyed to the purchaser, but we do not see that it is made *subject perpetually* to the payment of "an annual rent of a certain sum of money or quantity of fruits," as required by the articles of the Code to which we have referred. In the succession of Canonge, 1 An. 210, the question was before the court, and it was held, that "it is of the essence of the contract that it conveys the property in perpetuity; that the rent reserved is a charge imposed upon the property itself, which is inherent in it, *to which it is perpetually subject,* and which follows it into whatever hands it may pass." C. C. 2752, 2758, 2763.

Can it be said of a party who has already received half the price of the sale of his land, and who had a cause of action to recover the other half on the thirty first of March, 1862, when the condition for extension of payments was violated, that he stands before the court on the deed which gave him these rights, not as a vendor, but simply as a renter of ground? The proposition is too plain for argument.

Let the judgment of the court below be affirmed, with costs.